ADAM LEITMAN BAILEY, P.C.  
William J. Geller, Esq.  
*Attorneys for Creditor James Shay*  
120 Broadway, 17th Floor  
New York, New York 10271  
212-825-0365  

Hearing Date: September 4, 2014  
Hearing Time: 10:00 a.m.  

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  

| | |
|---|---|
| In re<br>RAHUL D. MANCHANDA<br><br>　　　　　　　　　　　Debtor. | Case No. 14-11259-ALG<br><br>Chapter 13<br><br>Hon. Allan L. Gropper |

**MOTION TO DENY DISCHARGE**  
**UNDER 11 U.S.C. § 1328(f) FOR SUCCESSIVE FILINGS**

TO:   THE HONORABLE ALLAN M. GROPPER  
　　　UNITED STATES BANKRUPTCY JUDGE

Creditor/Landlord James Shea ("Movant"), by its undersigned counsel, moves this Court for order pursuant to Fed. R. Bankr. P. 4004 and 11 U.S.C. § 1328(f) denying a discharge to Debtor Rahul D. Manchanda, and respectfully represents as follows:

1.   Movant is a creditor and former landlord of Debtor.

2.   On April 30, 2014, the Debtor commenced this case by the filing of a voluntary chapter 13 Petition.

3.   Pursuant to 11 U.S.C. § 301(b), the filing of the voluntary Petition herein constituted an order for relief under chapter 13 at on the date of such filing.

4.   On September 3, 2013, the Debtor herein filed a chapter 7 petition in this Court, *In re Rahul Dev Manchanda*, Case No. 13-12880-MG (the "2013 Chapter 7"), for which he was granted a discharge on January 13, 2014.  The 2013 Chapter 7 was

identified as a prior bankruptcy case filed by the Debtor on page 2 of the Petition herein.

(ECF Doc. 1).

     5.     11 U.S.C. 1238(f) provides, in relevant part:

     (f) Notwithstanding subsections (a) and (b), the court shall not grant a discharge of all debts provided for in the plan or disallowed under section 502, if the debtor has received a discharge--

     (1) in a case filed under chapter 7, 11, or 12 of this title during the 4-year period preceding the date of the order for relief under this chapter.

     6.     Under 11 U.S.C. 1238(f), where a debtor has filed a chapter 7 petition in which he has received a discharge within the four years prior to the filing of a chapter 13 petition, the debtor is barred from receiving a discharge in the chapter case.  *In re Sanders*, 551, F3d 397, 399-400 (6th Cir., 2008); *In re Bateman*, 515 F.3d 272, 279-281 (4th Cir. 2008).

     7.     Here, the Debtor filed and received a discharge in the 2013 Chapter 7 less than one year prior to filing the chapter 13 Petition herein.

     8.     As such, under 11 U.S.C. 1328(f), the Debtor should be denied a discharge herein.

     WHEREFORE, for the reasons stated herein and in all other proceedings herein, Creditor/Landlord James Shay respectfully requests that this Court issue an Order

pursuant to 11 U.S.C. 1328(f), denying a discharge to the Debtor herein, as well as award such other and further relief as may be just and proper.

Dated: New York, New York
August 4, 2014

                                    ADAM LEITMAN BAILEY, P.C.
                                    By: /s/William J. Geller
                                          William J. Geller

                                    120 Broadway, 17th Floor
                                    New York, New York 10271
                                    (212) 825-0365
                                    *Attorneys for James Shea*